UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                                No. 01-4660

SHAWN MCALLISTER,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-00-2)

Submitted: July 25, 2002

Decided: August 16, 2002

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Michael A. Kolb, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Shawn McAllister was convicted by a jury of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999). McAllister was sentenced to a term of imprisonment of 240 months in compliance with *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He appeals his sentence. We affirm.

The district court found McAllister was responsible for at least 1.5 kilograms of cocaine base as a result of his participation in a drug ring that manufactured and distributed cocaine base from between twenty and thirty kilograms of cocaine in 1999. Our review of the record confirms the district court did not clearly err in attributing to McAllister at least 1.5 kilograms of cocaine base for the period of the conspiracy from September 1999 to January 2000. *See Pinkerton v. United States*, 328 U.S. 640 (1946); *United States v. Kinter*, 235 F.3d 192, 199-202 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001); *United States v. Blake*, 81 F.3d 498, 503 (4th Cir. 1996); *United States v. Ricco*, 52 F.3d 58, 62 (4th Cir. 1995); *United States v. Paz*, 927 F.2d 176, 180 (4th Cir. 1991); *see also U.S. Sentencing Guidelines Manual* § 1B1.3 (2000).

McAllister avers that he was a minor participant entitled to an adjustment pursuant to USSG § 3B1.2, comment. (n.1). Testimony at trial established that McAllister was a equal partner in the drug ring. *See* USSG § 3B1.2, comment. (n.3). We accordingly hold that the district court did not err in denying McAllister an adjustment as a minor participant. *See United States v. Akinkoye*, 185 F.3d 192, 202 (4th Cir. 1999). This conclusion likewise disposes of McAllister's claim that he should have received a downward departure under application note 14 of section 2D1.1. *See* USSG § 2D1.1, comment. (n.14) (authorizing downward departure if, *inter alia*, "the defendant qualifies for a mitigating role adjustment under § 3B1.2").

Accordingly, we affirm McAllister's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid in the decisional process.

*AFFIRMED*